UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

BRIANA DIMASCIO,

    Plaintiff,

vs.

CLEVELAND CLINIC FLORIDA HEALTH
SYSTEM NONPROFIT CORPORATION, a Florida
Not For Profit Corporation; and
IVAN BLANCO, an individual,

    Defendants.
_____/

# COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C. § 216(B))

Plaintiff, Briana Dimascio ("Plaintiff"), on behalf of herself and all others similarly situated under 29 U.S.C. § 216(b), sues Defendants, Cleveland Clinic Florida Health System Nonprofit Corporation ("Cleveland Clinic"), and Ivan Blanco ("Mr. Blanco") (Cleveland Clinic and Mr. Blanco are together referred to as "Defendants"), and alleges as follows:

1. Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Plaintiff asserts that Defendants failed to pay Plaintiff and those similarly situated proper overtime compensation in violation of the FLSA.

2. Plaintiff seeks all damages provided for under the FLSA, including unpaid overtime, liquidated damages, and attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff is an individual over the age of 18 and is otherwise *sui juris*.

4. During the relevant period, Plaintiff was a resident within the Southern District of Florida.

5. Cleveland Clinic is a business entity which, during the relevant period, was a Florida Not For Profit Corporation that conducted business within the Southern District of Florida.

6. During the relevant period, Mr. Blanco was the Chief Marketing, Communications, and International Business Development Officer of Cleveland Clinic, who conducted business within the Southern District of Florida.

7. During the relevant period, Cleveland Clinic acted through its owners, officers, agents, servants, and employees, each of whom acted within the scope of their employment with Cleveland Clinic.

8. During the relevant period, Defendants were the employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203, for Plaintiff.

9. Jurisdiction is conferred upon this Court by:

   a) 28 U.S.C. § 1331;

   b) 28 U.S.C. § 1367; and

   c) 29 U.S.C. § 216(b), which allows for a claim regarding violations of the FLSA to be brought in any court of competent jurisdiction.

10. Venue is proper in the Southern District of Florida because:

    a) Plaintiff is employed in the Southern District of Florida by Defendants;

    b) During the relevant period, Defendants conducted business within the Southern District of Florida;

    c) The acts that give rise to the claims by Plaintiff occurred in the Southern

District of Florida; and

        d)     During the relevant period, Cleveland Clinic maintained an office for the transaction of its customary business in the Southern District of Florida.

11.     During the relevant period, Cleveland Clinic was an enterprise that engaged in interstate commerce and had annual gross revenue in excess of $500,000.

12.     During the relevant period, Cleveland Clinic employed two or more individuals that customarily and regularly sold and/or marketed and/or distributed their services and/or goods and/or services to customers throughout the United States and provided its services across state lines.

13.     During the relevant period, Cleveland Clinic obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do business, transmitted funds outside the state of Florida, and otherwise regularly engaged in interstate commerce.

14.     During the relevant period, Cleveland Clinic accepted checks, wire transfers, and/or other forms of payments that were made or processed outside the State of Florida.

15.     During the relevant period, Defendants were "employers" pursuant to the FLSA.

16.     During the relevant period, Cleveland Clinic was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

17.     During the relevant period, Plaintiff was an "employee" of Defendants pursuant to 29 U.S.C. § 203(e)(1) of the FLSA.

18.     During the relevant period, Defendants failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiff and those similarly situated performed services for Defendants and were not paid

overtime wages at the rate of time and one half for all hours worked in excess of 40 hours in a workweek.

19. Claims under the FLSA do not have prerequisites or preconditions to filing a lawsuit and therefore, Plaintiff has met all prerequisites and preconditions to filing this lawsuit.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

20. In addition to bringing this action individually, Plaintiff brings this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of employees who performed similar functions for Defendants, were subjected to Defendants' unlawful pay practices and policies, and who worked for Defendants at any point in the three years preceding the date the instant action was filed (the members of this putative class are referred to as "Collective Plaintiffs").

21. Plaintiff and Collective Plaintiffs worked for Defendants in the Southern District of Florida at some point in the three years preceding the date the instant action was filed.

22. Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and were all subject to Defendants' unlawful policies and practices as discussed herein.

23. There are similarly situated current and former employees of Defendants who work(ed) overtime hours during the relevant period without receiving overtime compensation, and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

24. Similarly situated current and former employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

25. Upon information ad belief, Defendants' pattern and practice of depriving non-

4

exempt Event Specialists overtime compensation extended to those who are similarly situated to Plaintiff.

26.     Therefore, Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those similarly situated employees, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

27.     Plaintiff began working at Cleveland Clinic on or about December 14, 2020 and is currently employed.

28.     Plaintiff was hired by Cleveland Clinic as an Event Specialist and is currently paid a salary of approximately $56,160/year.

29.     Plaintiff's immediate supervisors are Kellie Hensley (Florida Regional Director of Events & Community Partnerships) and Maggie Selinske (Regional Events Manager) who report to Mr. Blanco (Chief Marketing, Communications, and International Business Development Officer).

30.     During the entirety of Plaintiff's employment at Cleveland Clinic, Plaintiff has regularly worked, and continues to work, in excess of 40 hours in a workweek but does not, and has not, received time and one half of her regular rate for overtime hours.

31.     Although Plaintiff's hours vary each workweek of her employment, she generally works 60-70 hours per workweek and averages 20-30 hours of overtime each workweek.

32.     Defendants have knowledge of Plaintiff's and Collective Plaintiffs' overtime hours and non-exempt employment duties, but purposefully do not provide them overtime pay in violation of the FLSA.

33.     Upon information and belief, Collective Plaintiffs also work(ed) approximately the

5

same number of hours per workweek as Plaintiff within the three-year statutory period without receiving overtime compensation.

34. Defendants require Plaintiff to, among other things, review and respond to emails and text messages in the evening and early morning hours.

35. Plaintiff's immediate supervisors, Ms. Hensley and Ms. Selinske, also call, text, and/or email Plaintiff in the early morning and evening hours and require immediate responses.

36. Plaintiff regularly works in excess of 40 hours in a workweek because of high turnover at Cleveland Clinic and drives long distances because Plaintiff supports all Cleveland Clinic hospitals in Florida.

37. Plaintiff is regularly on call and is frequently contacted in the early morning and evening hours by employees, contractors, and/or vendors with work-related questions.

38. Plaintiff is only given tasks that consist of regular, recurrent, and routine work that do not involve Plaintiff exercising independent judgment and discretion on matters of significance.

39. Plaintiff's primary duties are not management or administrative in nature and Plaintiff does not customarily and regularly perform exempt duties under the FLSA.

40. Plaintiff does not:
   a) hire or fire anyone (nor has Plaintiff hired or fired anyone);
   b) have any authority to set or adjust the rates of pay and hours of work for any employee;
   c) regularly and customarily direct the work of two or more full-time workers;
   d) evaluate other employees' performance for the purpose of recommending promotions or other changes in status;
   e) have the power or authority to discipline employees;

      f)      write or assist with preparing any company policies; and

      g)      have authority to bind Cleveland Clinic.

41. Plaintiff was instructed that she needs to run all decisions by her supervisors, including needing approval to email or speak with other employees.

42. Plaintiff even complained that her position was clerical in nature and asked for more responsibility to match her job description, but her requests were denied.

43. Even though Defendants classified Plaintiff as an exempt employee under the FLSA, she performed primarily, if not exclusively, non-exempt work under the close supervision of Defendants.

44. Mr. Blanco has personal and/or constructive knowledge of the work Plaintiff performs, the hours she works, and her compensation, including the fact that she is not paid time and one half for all hours worked in excess of 40 hours in a workweek.

45. Defendants misclassified Plaintiff as an exempt employee to avoid the overtime requirements mandated by the FLSA.

46. In the course of employment with Defendants, Plaintiff works the number of hours Defendants require of Plaintiff, but is not paid time and one half for all hours worked in excess of 40 during a workweek.

47. Defendants do not keep accurate time records of hours worked by Plaintiff.

48. Defendants do not pay Plaintiff based on the actual number of hours worked and at the proper rate.

49. Defendants' FLSA violations are willful and intentional.

50. Plaintiff, on behalf of herself and all other similarly situated employees, consents to the filing of this action and has retained the undersigned legal counsel to prosecute this action

on her behalf and has agreed to pay a reasonable fee for legal services.

## COUNT I
## OVERTIME VIOLATIONS AGAINST CLEVELAND CLINIC UNDER THE FLSA AS TO PLAINTIFF AND COLLECTIVE PLAINTIFFS

51. Plaintiff and Collective Plaintiffs re-adopt every factual allegation as stated in paragraphs 1 through 50 above as though fully recited herein.

52. Plaintiff and Collective Plaintiffs perform(ed) non-exempt duties and therefore, are/were entitled to be paid time and one half their regular rate for all hours worked in excess of 40 in each workweek.

53. Plaintiff and Collective Plaintiffs regularly work(ed) in excess of 40 hours in each workweek; however, Cleveland Clinic fails/failed to pay the overtime wage required by the FLSA.

54. The FLSA requires Cleveland Clinic to pay Plaintiff and Collective Plaintiffs time and one half their regular rate for all hours worked in excess of 40 hours per workweek.

55. During the relevant period, Cleveland Clinic has failed to comply with 29 U.S.C. §§ 201 – 219 and 29 C.F.R. §§ 516 *et seq.* in that Plaintiff and Collective Plaintiffs perform(ed) services and work(ed) for Cleveland Clinic in excess of 40 hours per workweek but no provision is/was made by Cleveland Clinic to properly pay Plaintiff and Collective Plaintiffs at the rate of time and one half their regular rate for all hours worked in excess of 40 hours per workweek.

56. Cleveland Clinic has attempted to evade the requirements of the FLSA by misclassifying Plaintiff and Collective Plaintiffs as exempt employees when in fact, they are/were non-exempt employees under the FLSA.

57. The failure to pay overtime compensation to Plaintiff and Collective Plaintiffs is/was unlawful in that they are/were not exempt from the overtime provisions of the FLSA

pursuant to the provisions of 29 U.S.C. § 213(a) because, for example, they are/were not bona fide executive, administrative, or professional employees.

58.     Cleveland Clinic knows/knew or shows/showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and owe Plaintiff and Collective Plaintiffs overtime wages.

59.     Plaintiff and Collective Plaintiffs are entitled to recover liquidated damages under the FLSA because of Cleveland Clinic's intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE**, Plaintiff and Collective Plaintiffs respectfully pray for the following relief against Cleveland Clinic:

A.      Adjudge and decree that Cleveland Clinic violated the FLSA and did so willfully, intentionally, and with reckless disregard;

B.      Award Plaintiff and Collective Plaintiffs actual damages for unpaid overtime compensation;

C.      Award Plaintiff and Collective Plaintiffs liquidated damages;

D.      Award Plaintiff and Collective Plaintiffs the costs of this action, together with reasonable attorneys' fees;

E.      Award Plaintiff and Collective Plaintiffs all recoverable interest; and

F.      Grant Plaintiff and Collective Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### OVERTIME VIOLATIONS AGAINST MR. BLANCO UNDER THE FLSA AS TO PLAINTIFF AND COLLECTIVE PLAINTIFFS

60.     Plaintiff and Collective Plaintiffs re-adopt every factual allegation as stated in

paragraphs 1 through 50 above as though fully recited herein.

61. During the relevant period, Mr. Blanco was the Chief Marketing, Communications, and International Business Development Officer of Cleveland Clinic.

62. During the relevant period, Mr. Blanco had (or constructively had):

    a) supervisory authority over Plaintiff and Collective Plaintiffs;

    b) knowledge of the hours worked by Plaintiff and Collective Plaintiffs;

    c) knowledge of the work being performed by Plaintiff and Collective Plaintiffs;

    d) the authority to make financial and other employment-related decisions for Plaintiff and Collective Plaintiffs; and

    e) control over Plaintiff and Collective Plaintiffs' compensation structure.

63. Mr. Blanco was Plaintiff's and Collective Plaintiffs' employer, joint employer, or co-employer for purposes of the FLSA, as the term employer is defined by 29 U.S.C. § 203, during the relevant period.

64. During their employment with Defendants, Plaintiff and Collective Plaintiffs work(ed) overtime hours for which they are/were not compensated at a rate of time and one half their regular rate of pay as required by the FLSA.

65. Plaintiff and Collective Plaintiffs are/were owed unpaid overtime compensation pursuant to the FLSA for all hours worked in excess of 40 in a workweek.

66. Mr. Blanco is jointly and severally liable with Cleveland Clinic for all damages available under the FLSA because of their intentional and willful violations of the FLSA.

**WHEREFORE**, Plaintiff and Collective Plaintiffs respectfully pray for the following relief against Mr. Blanco:

A. Adjudge and decree that Mr. Blanco violated the FLSA and did so willfully, intentionally, and with reckless disregard;

B. Award Plaintiff and Collective Plaintiffs actual damages for unpaid overtime compensation;

C. Award Plaintiff and Collective Plaintiffs liquidated damages;

D. Award Plaintiff and Collective Plaintiffs the costs of this action, together with reasonable attorneys' fees;

E. Award Plaintiff and Collective Plaintiffs all recoverable interest; and

F. Grant Plaintiff and Collective Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff and Collective Plaintiffs hereby demand a jury trial of all issues so triable.

Dated: April 13, 2022

          Respectfully submitted,

          **BT LAW GROUP, PLLC**
          3050 Biscayne Blvd., Suite 205
          Miami, Florida 33137
          Tel: (305) 507-8506

          By: s/ Anisley Tarragona
          **ANISLEY TARRAGONA, ESQ.**
          Florida Bar No. 51626
          anisley@btattorneys.com
          **JASON D. BERKOWITZ, ESQ.**
          Florida Bar No. 0055414
          jason@btattorneys.com
          Attorneys for Plaintiff