UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CV-60734-RUIZ/STRAUSS

BRIANA DIMASCIO,

    Plaintiff,

vs.

CLEVELAND CLINIC FLORIDA HEALTH
SYSTEM NONPROFIT CORPORATION, a Florida
Not For Profit Corporation; and
IVAN BLANCO, an individual,

    Defendants.
_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AND DISMISS CASE WITH PREJUDICE

Plaintiff, Briana Dimascio ("Plaintiff"), and Defendants, Cleveland Clinic Florida Health System Nonprofit Corporation and Ivan Blanco ("Defendants"), jointly move this Court to approve the parties' settlement and enter an order dismissing this action with prejudice. In support thereof, Plaintiff and Defendants state:

1.    Plaintiff filed her Complaint on April 13, 2022 [DE 1] alleging violations of the Fair Labor Standards Act ("FLSA"). On May 19, 2022, Plaintiff filed an Amended Complaint [DE 17] in compliance with the Court's Order in Actions Brought under the FLSA [DE 11]. Plaintiff alleges that Defendants violated the FLSA by failing to pay Plaintiff overtime compensation.

2.    Defendants deny any wrongdoing under the FLSA and raise as a complete defense that Plaintiff was exempt from the overtime provisions of the FLSA under the administrative exemption. Defendants further raised affirmative defenses including that, at all times, Defendants made good faith efforts to comply with the law and did not act in willful disregard of any applicable FLSA requirement.

ACTIVE:15960095.4

3. The parties conducted an initial exchange of documents and entered into extended, arms-length settlement negotiations addressing Plaintiff's claims, Defendants' defenses, and the desirability of resolving this lawsuit. The parties attended a settlement conference with U.S. Magistrate Judge Strauss on July 8, 2022 and reached an impasse. The parties continued their negotiations through counsel and during a mediation occurring on August 17, 2022.

4. The parties have executed a Settlement Agreement and FLSA Release (the "Settlement Agreement") that contains reasonable compromises over the issues giving rise to this lawsuit. A copy of the Settlement Agreement and FLSA Release is attached hereto as Exhibit "A."

5. Under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). The parties request that the Court review and approve their settlement and dismiss this action with prejudice.

6. The settlement is a fair and reasonable resolution of the dispute between the parties. All parties were represented by legal counsel experienced in FLSA matters. The parties each assessed their respective positions, along with the likelihood of success on the merits, and determined that it is in their respective best interests to resolve this matter through an early settlement rather than proceed through costly litigation. All parties agree the settlement represents a fair and reasonable resolution of Plaintiff's claims, in consideration of Defendants' defenses.

7. The attorneys' fees awarded by the settlement agreement are reasonable. Plaintiff's counsel spent substantial time meeting with Plaintiff to evaluate her potential claims. Counsel drafted and filed an initial Complaint, an Amended Complaint, and a Statement of Claim. The parties exchanged hundreds of pages of documents as part of the Statement of Claim and Response to Statement of Claim, which required review. Plaintiff served discovery requests, including

requests for production, interrogatories, and a memorandum detailing proposed search terms for electronic discovery. The parties attended a settlement conference that spanned more than two and a half hours, engaged in continuing negotiations and discussions by phone, and attended a full day mediation. The attorneys' fees negotiated in the Settlement Agreement are fair and reasonable. A declaration by Plaintiff's counsel regarding the hours worked and hourly rates of counsel is attached as Exhibit "B."

8.  Finally, the parties request that the Court retain jurisdiction to enforce the terms of the Settlement Agreement.

WHEREFORE, the parties respectfully request that the Court enter an order: (a) approving the Settlement Agreement as fair and reasonable; (b) dismissing the lawsuit with prejudice; and (c) retaining jurisdiction to enforce the terms of the Settlement Agreement.

Dated: August 31, 2022

Respectfully submitted,

/s/ *Jason D. Berkowitz*
Anisley Tarragona, Esq.
Florida Bar No. 51626
E-mail: anisley@btattorneys.com
Jason D. Berkowitz, Esq.
Florida Bar No. 0055414
E-mail: jason@btattorneys.com
BT LAW GROUP, PLLC
3050 Biscayne Blvd., Suite 205
Miami, Florida 33137
Tel: (305) 507-8506
*Attorneys for Plaintiff*

/s/ *Holly Griffin Goodman*
Brian M. McPherson, Esq.
Florida Bar No. 0735541
Email: bmcpherson@gunster.com
Holly Griffin Goodman, Esq.
Florida Bar No. 93213
Email: hgoodman@gunster.com
GUNSTER, YOAKLEY & STEWART, P.A.
777 S. Flagler Dr., Suite 500E
West Palm Beach, Florida 33401
Telephone: (561) 655-1980
*Attorneys for Defendants*

ACTIVE:15960095.4