

## AMENDED SETTLEMENT AGREEMENT AND FLSA RELEASE

This Amended Settlement Agreement and FLSA Release (the "Agreement") is entered into between Cleveland Clinic Weston Hospital Nonprofit Corporation f/k/a Cleveland Clinic Florida Health System Nonprofit Corporation ("Company") and Ivan Blanco ("Blanco") on the one hand (collectively, "Defendants") and Briana Dimascio ("Employee", and collectively with Defendants, the "Parties") on the other hand. This Agreement shall become effective upon the date when the last signatory has executed this Agreement ("Effective Date").

WHEREAS, the Parties desire to enter into a final agreement to resolve all issues and disputes which have arisen between them relating to Employee's allegations under the Fair Labor Standards Act ("FLSA") which were brought or could have been brought in the case styled *Briana Dimascio v. Cleveland Clinic Florida Health System Nonprofit Corporation and Ivan Blanco*, pending in the United States District Court Southern District of Florida, Case Number 22-cv-60734-RAR (the "Litigation");

WHEREAS, Defendants have and continue to deny all of Employee's allegations but have decided to enter into the Agreement to avoid further costs and the expenses of litigation;

NOW, THEREFORE, in consideration of the mutual covenants, agreements, promises and obligations hereinafter provided and of the actions taken pursuant thereto, the Parties agree as follows:

1. **RECITALS.** All of the foregoing recitals are true and correct and are incorporated herein by reference.

2. **NON-ADMISSION OF LIABILITY OR WRONGDOING.** The Agreement shall not in any way be construed as an admission by Blanco or Company that he, it or any of its agents, employees, officers, directors or representatives have acted wrongfully with respect to Employee in violation or breach of: (1) the common law; (2) any federal, state, local, or foreign statute or regulation; or (3) any provision of any agreement by and between Company and Employee. Defendants deny all liability of any type relating to Employee's allegations or in connection with the Litigation or for any other allegations related to her employment and have denied liability from the outset.

3. **SETTLEMENT PAYMENT TO EMPLOYEE.** In consideration of the limited release provided for in Paragraph 4, the covenants, agreements, promises and obligations contained in the Agreement, and in full and final settlement and satisfaction of the FLSA claims Employee had, has, or may have against Defendants, including any and all claims that were alleged or could have been alleged in the Litigation, as further described in Paragraph 4, within fifteen (15) days after the Court's approval of this Agreement, but in no event less than thirty (30) days after execution of this Agreement, Company will pay Employee the amount of **Forty Thousand Dollars and No Cents** ($40,000.00) (the "Settlement Payment") payable as follows:

    a. The Settlement Payment shall be issued in three checks sent to BT Law Group, PLLC.

ACTIVE 15962520.2

      (i)    The first check shall be made payable to Briana Dimascio in the amount of Fifteen Thousand Dollars and No Cents ($15,000.00), less applicable withholdings, as wages for which Company shall issue to Employee an IRS Form W-2.

      (ii)    The second check shall be made payable to Briana Dimascio in the amount of Fifteen Thousand Dollars and No Cents ($15,000.00), as liquidated damages for which Company shall issue to Employee an IRS Form 1099.

      (iii)    The third check shall be made payable to BT Law Group, PLLC in the amount of Ten Thousand Dollars and No Cents ($10,000.00), as attorneys' fees and costs for which Company shall issue to Employee and her counsel each an IRS Form 1099.

    b.    To the extent payable by law, Employee agrees to pay all federal, state and social security taxes, if any, which are required to be paid by Employee with respect to the Settlement Payment or this Agreement. Employee agrees to indemnify and hold Company harmless from any and all claims for taxes owed by Employee which may be brought as a result of the payment to Employee or to Employee's counsel.

    c.    Except as otherwise agreed to by the Parties and as provided for in Paragraph 3(a) above, neither Employee nor her counsel shall be entitled to any other payments from Defendants, nor is Employee owed any other amounts from Defendants whatsoever. Employee agrees that she is not entitled or eligible to participate in any benefit plan or receive any benefit from Company that she had while employed by Company. The Parties acknowledge and agree that they are each responsible for the payment of their respective attorneys' fees and costs.

4.    **LIMITED RELEASE BY EMPLOYEE.** Employee, for herself, her heirs, executors, administrators, representatives, successors and assigns, hereby releases Blanco, Company, and any parents, divisions, subsidiary corporations, affiliates, predecessors, successors and assigns, and its or their respective present and former directors, officers, employees, and all other past or present employees, stockholders, agents, representatives, insurers, attorneys and accountants (collectively the "Releasees"), from any and all claims or causes of action related to any allegation of unpaid wages or compensation, whether known or unknown, and which arose from the beginning of the world to the date of the Agreement. The claims being released include, but are not limited to, any and all claims for compensation, commissions, wages, back pay, front pay, other compensation of any kind, compensatory damages, liquidated damages, and include, without limitation, claims arising under or for alleged violations of The Fair Labor Standards Act, as amended, and any and all claims for attorneys' fees and costs.

    a.    Following the execution of this Agreement, the Parties shall timely submit with the Court a Joint Motion to Approve Settlement and Dismiss the Case with Prejudice.

5.    **GOVERNING LAW, INTERPRETATION, VENUE, WAIVER OF RIGHT TO JURY TRIAL.** The Agreement shall be governed and construed in accordance with the laws of the State of Florida. If any provision or portion of a provision of the Agreement is declared illegal or unenforceable by any court of competent jurisdiction and if it cannot be modified to be enforceable, such provision or portion of a provision shall immediately become null and void, leaving the remainder of the Agreement in full force and effect. If a dispute arises with respect to

the enforcement of the Agreement, or if any legal proceeding shall be brought to enforce or interpret any provision or portion of a provision in the Agreement or to recover damages for breach of the Agreement, such action shall be brought in Broward County, Florida, and **the Parties each expressly waive the right to a jury trial** and agree that any disputes regarding the Agreement shall be tried by the Court *without* a jury.

6. **PREVAILING PARTY FEES AND COSTS**. In any dispute between the Parties arising out of or relating to the Agreement, the prevailing party shall be entitled to recover from the opposing party (or parties) its//his/her attorneys' fees, paralegals' fees, costs, expert witness fees, and litigation expenses incurred in such litigation or related appellate proceedings.

7. **INTEGRATION & CONSTRUCTION**. The Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings, whether written or oral, between the Parties hereto pertaining to the Litigation, including, without limitation, the Confidential Settlement Agreement and FLSA Release. The Agreement shall be deemed as a joint work product of all Parties and all Parties shall be considered the drafters of the Agreement. Any rule of construction to the effect that any ambiguities are to be construed against the drafting party shall not be applicable in any interpretation of the Agreement.

8. **ADVICE OF COUNSEL**. Employee acknowledges and represents that this Agreement is the product of negotiations between the Parties and that she has had the advice of counsel and has consulted with an attorney before signing this Agreement; and that she has been afforded the opportunity to consider the terms of this Agreement for a reasonable period of time prior to execution. Employee further acknowledges that she has read this Agreement in its entirety, that she fully understands all of the terms and their significance, that she has signed voluntarily and of her own free will, and that she intends to abide by its provisions without exception.

9. **AMENDMENT**. This Agreement, including this Paragraph 9, may not be amended nor any provision waived, in whole or in part, except by written agreement signed by the Parties.

10. **EXECUTION IN COUNTERPARTS**. The Agreement may be signed in counterparts, each of which will be deemed an original document, but all of which will constitute one agreement. The executed versions of the Agreement will be provided electronically

| EMPLOYEE: | COMPANY: |
|---|---|
| Briana Dimascio<br><br>_____<br>Signature<br><br>Date: 8/24/22 | Cleveland Clinic Weston Hospital Nonprofit Corporation f/k/a Cleveland Clinic of Florida Health System Nonprofit Corporation<br><br>By: _____<br>Signature<br>Name: Rodolfo Blanton, M.D. President<br>Date: 8-30-22 |

ACTIVE 15962520.2

| | BLANCO: |
|---|---|
| | Ivan Blanco |
| | Signature |
| | Date: 08.26.22 |